IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01176-PAB

CESAR QUEZADA PACHECO,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Acting Warden, Aurora ICE Processing Center,
GEORGE VALDEZ, in his official capacity as Acting Field Office Director, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, and MARKWAYNE MULLIN,[1] in his official capacity as Secretary, U.S. Department of Homeland Security,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Cesar Quezada Pacheco's

Verified Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory

Relief [Docket No. 1] and Motion for Temporary Restraining order [Docket No. 2].

Respondents filed a response, Docket No. 11, and petitioner filed a reply.  Docket No.

12.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico.  Docket No. 11-1 at 2, ¶ 4.  Petitioner

first entered the United States in 1997 and departed under the terms of a grant of

voluntary departure in 2012.  Docket No. 1 at 3, ¶ 2.  On July 22, 2013, border patrol

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin is automatically substituted as a party in this action.

agents encountered petitioner at or near Douglas, Arizona, shortly after he entered the United States without authorization.[2]  Docket No. 11-1 at 3, ¶ 12.  On August 5, 2013, the Department of Homeland Security ("DHS") issued a Notice to Appear, charging petitioner with being inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I).  *Id.* at 3-4, ¶ 14.  Petitioner was released from custody on September 4, 2013, after an immigration judge granted bond.  *Id.* at 4, ¶ 15.  Petitioner filed an application for asylum and withholding of removal.  *Id.*, ¶ 16.  On October 30, 2018, an immigration judge ordered petitioner removed to Mexico, but granted petitioner's application for withholding of removal to Mexico under the Convention Against Torture ("CAT").  *Id.*, ¶ 18.  Immigration and Customs Enforcement ("ICE") cancelled petitioner's bond.  *Id.*, ¶ 20.  Petitioner was not in the custody of ICE when the removal order became final.  *Id.*, ¶ 21.

On December 5, 2025 ICE officials encountered petitioner in Denver, Colorado after receiving an anonymous tip that petitioner had been involved in a domestic violence incident with his then-girlfriend.  *Id.* at 4-5, ¶ 22.  ICE determined that petitioner is subject to a final order of removal and arrested him to effectuate his removal from the United States.  *Id.* at 5, ¶ 23.  ICE is pursuing petitioner's removal to alternative countries pursuant to 8 U.S.C. § 1231(b).  *Id.*, ¶ 26.  Petitioner is detained at the Denver Contract Detention Facility.  *Id.*, ¶ 25.  On February 21, 2026, ICE served petitioner with a notice of file custody review.  *Id.*, ¶ 27.  On February 23, 2026, ICE conducted a post

---

[2] Respondents state that border patrol agents encountered petitioner on July 22, 2023, but this appears to be a typographical error.  Docket No. 11-1 at 3, ¶ 12. Petitioner asserts that he entered the United States in July 2013.  Docket No. 1 at 3, ¶ 3.

order custody review pursuant to 8 C.F.R. § 241.4 and determined that petitioner did not satisfy the criteria for release.  *Id.*, ¶ 28.

On March 23, 2026, petitioner filed a petition for writ of habeas corpus.  Docket No. 1.  Petitioner claims that respondents improperly revoked his release and are impermissibly detaining him without considering whether he is a danger to the community or a flight risk.  *Id.* at 15-17.  Petitioner also seeks to enjoin respondents from removing petitioner to a third country without providing him process.  *Id.* at 17-19. On April 1, 2026, respondents filed a response.  Docket No. 11.  On April 8, 2026, petitioner filed a reply.  Docket No. 12.

## II.  ANALYSIS

Plaintiff's first two claims assert that respondents unlawfully revoked his release and that respondents failed to follow the procedures set out in 8 C.F.R. § 241.13 for revoking his release.  Docket No. 1 at 15-17.  Respondents, however, argue that they could not have improperly revoked plaintiff's release because he was never released to begin with.  Docket No. 11 at 9-10.

Petitioner was not detained after he was issued a final order of removal.  Docket No. 11-1 at 4, ¶ 21.  However, pursuant to 8 U.S.C. § 1231(a)(1)-(2), the Attorney General "shall detain" a noncitizen with a final order of removal for a period of 90 days, known as the "removal period."  8 U.S.C. § 1231(a)(1)-(2).  Despite this mandatory language, petitioner argues that ICE has discretion not to detain a noncitizen with a final order of removal.  Docket No. 12 at 2.  Petitioner asserts that, because ICE did not detain petitioner after he was issued a final order of removal, ICE necessarily decided to exercise its discretion not to detain petitioner.  *Id.* at 3.  Petitioner argues that this required ICE to determine that petitioner was not a flight risk or danger to the

community, and that ICE is thus bound by the same regulations as if ICE released petitioner from custody after making such a determination.  *Id.* at 3-5.

This argument is unavailing.  First, it requires the Court to assume without evidence that ICE made the discretionary decision not to detain petitioner and that ICE made that decision because petitioner was not a flight risk or danger to the community.  Next, it assumes that the regulations in 8 C.F.R. § 241.13 would apply if ICE decided not to detain petitioner in the first place.  The text of 8 C.F.R. § 241.13 supports the opposite conclusion.  Section 241.13(a) is titled "Scope" and notes that

> This section establishes special review procedures for those [noncitizens] who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of the removal period, where the [noncitizen] has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future.

8 C.F.R. § 241.13(a).  The custody review procedures provided at § 241.4 relate to the authority to continue detaining a noncitizen subject to a final removal order after the 90-day removal period has lapsed.  *See* 8 C.F.R. § 241.4(a).  Here, § 241.13 is inapplicable, as petitioner was never detained under the custody review procedures provided at § 241.4.  Petitioner's argument that he should be treated as if he was detained because respondents could have detained him is unpersuasive; the text clearly states that section 241.13 only applies to noncitizens who are actually detained.  Thus, petitioner is not entitled to habeas release on the ground that respondents improperly revoked his release.[3]

---

[3] To the extent this claim is based on petitioner's November 14, 2011 or September 4, 2013 release from ICE custody, the Court is similarly unpersuaded.  In both of those instances, petitioner posted bond before he was issued a final order of

Next, petitioner claims that he is entitled to an individualized determination of danger or flight risk.  Docket No. 1 at 17.  Federal regulations support this claim; 8 C.F.R. § 241.4(h)(1) states that noncitizens are entitled to a post-order custody review.  This review should include considerations of factors such the noncitizen's risk of flight and risk of engaging in criminal activity.  C.F.R. § 241.4(f), (h)(3).  Petitioner, however, received such a post-order custody review on February 23, 2026, where ICE determined that he was not entitled to release.  Docket No. 11-1 at 5, ¶ 28.  Thus, petitioner is not entitled to release on this ground.

Lastly, petitioner asks that the Court enjoin respondents from removing him to a third country without providing him with notice and an opportunity to be heard by an immigration judge.  Docket No. 1 at 17-19.  This is not available as a form of relief under 28 U.S.C. § 2241.  A "petition for writ of habeas corpus is only available to challenge the fact or duration of confinement."  *Basri v. Barr*, 469 F. Supp. 3d 1063, 1066 (D. Colo. 2020).  Thus, respondents argue that the Court cannot consider this claim.  Docket No. 11 at 16.  But petitioner labeled his filing as both a "Verified Petition for Writ of Habeas Corpus" and as a "Complaint for Injunctive and Declaratory Relief."  Docket No. 1 at 1.  "[C]ourts are split as to whether they permit litigants to file combined habeas petitions and complaints."  *Fuentes v. Choate*, No. 24-cv-01377-NYW, 2024 WL 2978285, at *12 (D. Colo. June 13, 2024) (collecting cases).  The Tenth Circuit, however, has held that, "[i]f an inmate complies with the applicable procedural requirements . . . in asserting a claim under § 1983, ordinarily he may assert such a

---

removal.  However, bond is "canceled" after a final order of removal is issued.  8 C.F.R. § 241.3(a)-(b).  Thus, petitioner's bond was properly revoked after he was issued a final order of removal.

claim in the same filing with his habeas claims." *Whitmore v. Parker*, 484 F. App'x 227, 240 (10th Cir. 2012) (unpublished). This supports the proposition that a petitioner may file a civil claim alongside a habeas petition. Thus, the Court will consider petitioner's claim that he cannot be removed to a third country without being provided notice and an opportunity to be heard.[4]

Respondents argue that petitioner has not shown that he would be denied notice and an opportunity to be heard. Docket No. 11 at 17. Thus, they argue that petitioner is not entitled to relief. *Id.* Petitioner's allegations relating to this claim are sparse. *See* Docket No. 1 at 17-18. However, petitioner cites *Esmaeili v. Noem*, 2026 WL 240661, at *6 (S.D. Cal. Jan. 29, 2026), which discusses ICE's policies on third-party removal in

---

[4] Respondents also argue that the Court cannot consider petitioner's challenge to the procedures that may be used to remove him to a third country because the claim has been presented in a certified class action pending in the District of Massachusetts, namely, *D.V.D. v. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355 (D. Mass. 2025). Docket No. 11 at 16. Respondents assert that petitioner "must proceed through that suit instead." *Id.* However, the Ninth Circuit has held that "[a]n individual . . . is permitted to litigate an independent constitutional action where the specific issues raised have not already been addressed conclusively by the class action." *Castillo v. Chestnut*, 2026 WL 121652, at *8 (E.D. Cal. Jan. 16, 2026) (quoting *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)) (internal quotations and alterations omitted). In *D.V.D.*, the court issued a preliminary injunction requiring the government to provide notice and a meaningful opportunity to present fear-based claims before removing a noncitizen to a third country. *D.V.D.*, 778 F. Supp. 3d at 364. However, the Supreme Court stayed the preliminary injunction pending disposition of the appeal to the First Circuit and disposition of a petition for a writ of certiorari in the Supreme Court. *Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2153 (2025). Thus, the class action has not conclusively addressed whether petitioner is entitled to notice and a meaningful opportunity to present fear-based claims before being removed to a third country. For this reason, numerous courts "have issued injunctive relief requiring identical, or substantially similar, third-country removal procedures as those articulated in the *D.V.D.* preliminary injunction." *A.A.M. v. Andrews*, 2025 WL 3485219, at *6 (E.D. Cal. Dec. 4 2025) (collecting cases). The Court finds that a Colorado petitioner should not have to wait on a Massachusetts class action to possibly obtain relief, and will thus allow petitioner to bring this claim.

more detail. *Id.* at 18. The Court in *Esmaeili* analyzes a July 9, 2025 memorandum from ICE Director Todd Lyons. *Esmaeili*, 2026 WL 240661, at *6. "The memo provides that, if the United States has received credible assurances from the country of removal that a noncitizen removed from the United States will not be persecuted or tortured, then the noncitizen may be removed without the need for further procedures." *Id.* (internal quotations omitted). "The memo further specifies that ICE will not affirmatively ask whether a noncitizen is afraid of being removed to the country of removal." *Id.* Respondents do not assert that the July 9, 2025 memorandum is not an accurate reflection of ICE policy. *See generally* Docket No. 11. In the past, "it has been . . . [ICE] policy to favor release of noncitizens granted relief from removal, including grants of withholding of removal and CAT relief." *Mardanpour v. Warden*, 2026 WL 963164, at *3 n.3 (D.N.M. Apr. 9, 2026) (citation omitted).

Immigration detainees "are entitled to notice and an opportunity to challenge their removal." *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025). Respondents concede this point. Docket No. 11 at 17. Such an opportunity is particularly important here, where petitioner was granted withholding of removal to Mexico due to an immigration judge finding that it is "more likely than not that Petitioner Quezada would be tortured if returned to Mexico, with Mexican authorities acquiescing to that persecution." Docket No. 1 at 3, ¶ 5. Providing petitioner with notice and an opportunity to challenge removal to a third country could prevent him being removed to a third country where he might also face a credible risk of torture. The July 9, 2025 memorandum, however, provides for the possibility that petitioner will be removed without notice. Even if ICE must receive "credible assurances" that petitioner will not be tortured, this deprives petitioner

7

of the opportunity to argue that such assurances are, in fact, not credible.  Furthermore, it is contrary to the mandate that noncitizens are "entitled to notice and an opportunity to challenge their removal."  *Trump*, 604 U.S. at 673.  Thus, many courts have found that ICE's third-country removal policies "violate the constitutional right to due process."  *Esmaeili*, 2026 WL 240661, at *6.  Accordingly, the Court will require respondents to provide petitioner with notice and an opportunity to challenge his removal before removing him to a third country.  The Court finds that the relief granted in *D.V.D.*, 778 F. Supp. 3d at 393-94, properly balances petitioner's due process rights and respondents' interest in being able to efficiently effectuate removal.  Per the defendants' request, the *D.V.D.* court clarified its remedy in a subsequent order, holding that,

> All removals to third countries, *i.e.*, removal to a country other than the country or countries designated during immigration proceedings as the country of removal on the non-citizen's order of removal, *see* 8 U.S.C. § 1231(b)(1)(C), must be preceded by written notice to both the non-citizen and the non-citizen's counsel in a language the non-citizen can understand.  Dkt. 64 at 46–47.  Following notice, the individual must be given a meaningful opportunity, **and a minimum of ten days**, to raise a fear-based claim for CAT protection prior to removal.  *See id.*  If the non-citizen demonstrates "reasonable fear" of removal to the third country, Defendants must move to reopen the non-citizen's immigration proceedings.  *Id.*  If the non-citizen is not found to have demonstrated a "reasonable fear" of removal to the third country, Defendants must provide a meaningful opportunity, and a minimum of fifteen days, for the non-citizen to seek reopening of their immigration proceedings.  *Id.*

*D.V.D. v. U.S. Dep't of Homeland Sec.*, 2025 WL 1453640, at *1 (D. Mass. May 21, 2025).  The Court finds that this procedure sufficiently provides petitioner with notice and an opportunity to challenge his removal without being unduly burdensome on respondents and will order respondents to follow this procedure.

Finally, in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court recognized that detention is presumptively reasonable for up to six months after a

8

noncitizen is subject to a final order of removal.  Here, petitioner has been detained since December 5, 2025—less than six months.  Docket No. 11-1 at 4-5, ¶ 22.  Thus, petitioner's detention is presumptively reasonable.  Petitioner may file another habeas petition after the presumptively reasonable six-month period has lapsed.[5]

## III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Cesar Quezada Pacheco's Verified Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief [Docket No. 1] is **GRANTED in part** and **DENIED in part without prejudice**.  It is further

**ORDERED** that the Motion for Temporary Restraining order [Docket No. 2] is **DENIED as moot**.  It is further

**ORDERED** that respondents may not remove petitioner to a third country without following the procedures identified herein.

DATED May 5, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[5] Petitioner's motion for a temporary restraining order seeks to enjoin respondents from removing him from the United States or from the jurisdiction of the Court during the pendency of his habeas petition.  Docket No. 2 at 5.  Because the Court will deny the habeas petition, the motion for a temporary restraining order is moot.